(27 Misc. Rep. 176.)

### BERGHOLTZ v. ITHACA ST. R. CO.

(Tompkins County Court. April 24, 1899.)

1. ATTORNEY—APPEAL—EXTENSION OF TIME—AUTHORITY.

An attorney, with general retainer to try a case in a justice court, has no authority, after submission of the case, to consent to an extension of the time for appeal from the judgment.

2. FINAL ORDER—SUMMARY PROCEEDINGS.

An order for possession in summary proceedings is final, within Code Civ. Proc. § 2249, providing for final order, with costs to petitioner, where it awards costs, though it does not specify the amount.

Summary proceedings by Herman Bergholtz against the Ithaca Street-Railway Company. Judgment for plaintiff. Motion of plaintiff to set-aside an ex parte order, requiring the justice to make his return, sustained.

J. H. Jennings, Tompkins, Cobb & Cobb, for plaintiff.

D. F. Van Vleet and Frederick Collins, for defendant.

ALMY, J.   These proceedings were brought in justice's court to obtain possession of property owned by the plaintiff, and in the possession of the defendant under a lease, and used as a park and pleasure ground.   The issue was tried by a jury, and the verdict was returned, and the final order determining the right of the plaintiff to the possession of the premises was entered by the justice on the 16th day of August, 1898.   The notice of appeal was served on the 9th day of September, 1898.   No return having been made by the justice, the defendant, on the ———— day of October, 1898, obtained an ex parte order directing the said justice to make and file his return in the case, upon affidavits which, among other things, showed that the defendant had been given an extension of the time to appeal by the attorney for the plaintiff after the verdict of the jury had been returned, in consideration of the defendant extending the time to answer in two actions in the supreme court brought against the plaintiff herein by said company, and the further fact that the said final order was not entered until after the 16th of August aforesaid.   Before the time within which the justice was directed to make his return in obedience to said ex parte order, the plaintiff presented affidavits denying every material fact upon which said ex parte order had been granted, and asked for and obtained an order requiring the defendant to show cause why said ex parte order should not be set aside.   Upon the return of the order to show cause, the court referred the disputed questions of fact presented by the affidavits of the respective parties to a referee to hear and report the evidence and his findings upon all the questions involved.   The referee, having heard the evidence, had made his report, in which he finds that the plaintiff's attorney, J. H. Jennings, Esq., did stipulate verbally with the defendant's attorney, after the entry of the final order, that the defendant might have until the 10th day of September in which to serve his notice of appeal, and that Mr. Jennings had no other authority to make such stipulation than his general retainer as attorney gave him, and no direct, special authority to enter into this particular stipulation. He further reports, in effect, that said stipulation was not made on condition, or in consideration, of the defendant's extension of time to answer in said actions in the supreme court, but that said stipulations were independent transactions, and that the final order was entered by the justice August 16, 1898.   The findings of the referee as to said matters, as well as all others reported upon, were not questioned on the argument of counsel in the final submission of the motion.

The decision of the questions here presented in effect, so far as this court is concerned, determines the right of the defendant to

appeal from the final order of the justice. It is the policy of our statute law and the uniform decisions of the courts that an aggrieved litigant may have a review of any judicial determination of which he complains, but this right is necessarily controlled by limitations and conditions required for the orderly and expeditious transaction of the business of the courts. He must take his appeal within the time required by statute, and a failure so to do cannot be excused. The court cannot extend the time for any reason, however grave or important. The parties themselves may extend the time to appeal, and, when they have done so, their arrangements will be as effectual as any other engagement or contract. It is claimed by the defendant that independent of the mutual character of the stipulation, which the referee has found did not exist, the parol stipulation of the plaintiff's attorney, made after the submission of the case to the jury, and without other authority than the general one of attorney in the matter in justice's court, is effectual for the purpose of extending the defendant's time to appeal; and he cites upon this proposition Hoffenberth v. Muller, 12 Abb. Prac. (N. S.) 221. This special-term decision is certainly an authority for the proposition here urged, if it be the law. Although this decision was made more than a quarter of a century ago, I am unable to find a case in which it has been cited with approval; but, on the contrary, in Flynn v. Hancock, 46 Hun, 369, the general term refused to give effect to a stipulation of the attorneys in a justice's court extending the time during which the justice might make his decision, although the stipulation was made before the time for entering judgment expired, the court saying: "Authority to make such a stipulation cannot be presumed from the mere fact that they [the attorneys] tried the case." Again, in Beardsley v. Pope, 88 Hun, 563, 34 N. Y. Supp. 848, the court says: "Section 2886 of the Civil Code, which provides that a party to an action before a justice of the peace may appear and prosecute or defend by attorney, we think confers upon a duly-authorized attorney in justice's court full power and authority to represent his client during the trial, and until after the final submission of the cause. His authority undoubtedly terminates at that time." Although the last sentence in the opinion may be considered as obiter, yet it expresses what has generally, I believe, been considered to be the law.

The defendant further claims that notice of appeal was served in time, because the final order of the justice, entered August 16, 1898, did not contain an award of costs to the plaintiff. The entry by the justice in his docket on the day mentioned was: "Jury returned into court, and rendered a verdict for petitioner. Upon receiving and docketing such verdict, it is hereby ordered that the possession of the property described in the petition be, and the same hereby is, awarded to the petitioner, together with costs, this 16th day of August, 1898." This entry by the justice was a determination of the question litigated in his court, and is a final order, under section 2249 of the Code. The fact that it did not adjudicate and state the amount of the costs, however it may affect the plaintiff's right to recover costs, is not, it seems to me, a matter to which the

defendant can be heard to object.    The cases of Rich v. Markham, 92 Hun, 79, 37 N. Y. Supp. 602, Stephens v. Santee, 49 N. Y. 38, and Bradner v. Howard, 75 N. Y. 420, in my judgment support this view of the said order.    The motion of the plaintiff for an order setting aside the ex parte order requiring the justice to make his return is granted, with $10 costs.

Motion granted, with $10 costs.